**Leonard H. Roach, Appellant, v. Anna R. Ward et al., Appellees.**

**Gen. No. 33,133.**

146

Opinion

filed March 11, 1929.

ROBERT F. KOLB and LUTHER W. TATGE, for appellant.

McCULLOCH & McCULLOCH, for appellee Anna R. Ward; GROVER C. McLAREN, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Leonard H. Roach filed his bill of complaint praying that a written contract entered into between him and defendants, whereby defendants agreed to execute and deliver to complainant a 99-year lease on certain real estate in Chicago be reformed and specifically enforced.

The case was heard before the chancellor, and at the close of complainant's case a decree was entered dismissing complainant's bill for want of equity and he appeals.

The record discloses that on September 22, 1926, Margaret E. Ward, her daughter Anna R. Ward, and her daughter-in-law Margaret C. Ward owned a certain piece of real estate at the southeast corner of Randolph and DesPlaines streets in Chicago; that Margaret E. Ward and Anna R. Ward, her daughter, owned an undivided eight-ninths of the premises, the remaining one-ninth being owned by the daughter-in-law, Margaret C. Ward.

On September 22, 1926, complainant, his representative, Frank B. Reed, Anna R. Ward and James A. Ward, husband of Margaret C. Ward, met at the office of the Chicago Title and Trust Company and after discussing the question of leasing the premises Reed wrote out the document which complainant seeks to reform and for a decree specifically enforcing the document as reformed. It is as follows:

"Chicago, Sept. 22nd, 1926.

"Received of Leonard H. Roach, Five Hundred Dollars ($500.00) as earnest money for the execution of a ninety-nine year lease on the property located at South West corner of Randolph and DesPlaines St. having a frontage of 65 feet on Randolph St. by 75½ feet on Des Plaines St.

"The rental to be $2500.00 per annum for the first twenty-five years—and $3,000.00 per annum for the balance of said ninety-nine years payable quarterly in advance—said rental to be net to lessor.

"Lessee to give acceptable bond or deposit securities in the sum of Ten Thousand Dollars ($10,000) till such time as he erects new building on said property, free of all mechanics liens.

"Said rental to be due and payable from date of delivery of lease—and deal to be consummated not later

than November first, 1926—Taxes for the year 1926 to be prorated on basis of 1925 taxes.

"The lease to provide that above mentioned improvement shall not be removed without consent of lessors and satisfactory security deposited in escrow in an amount acceptable to lessors. If cost of 1st new building exceeds $20,000.00 (Twenty) additional security to be deposited to an amount of 50% of such additional cost.                                    MARGARET E. WARD,
                                                per ANNA R. WARD.

"MARGARET C. WARD,
   by JAMES A. WARD.
"O. K.
   "LEONARD ROACH,
      545 Lake St."

The evidence shows that when the document was written Anna R. Ward signed her mother's name to it and that James A. Ward signed his wife's name, Margaret C. Ward; that it, together with $500 of Roach's money, was left in escrow with the Chicago Title and Trust Company and two typewritten copies of the document were then prepared and taken away by the Wards, one of them being afterwards signed by Margaret C. Ward and her husband, James A. Ward, and the other by "Mrs. Margaret E. Ward." Afterwards there were some negotiations between the parties and their attorneys with reference to the preparation of the 99-year lease mentioned in the written document, and some time later Anna R. Ward refused to consummate the transaction, stating that she had not signed the document of September 22, 1926.

To the bill of complaint filed in the instant case she pleaded the statute of frauds. The evidence further shows that on September 24, 1926, Reed, who was the broker in the case, wrote Anna R. Ward a letter as follows:

"From the commissions due to me on consummation of ninety-nine year lease of South East corner of Des

Plaines and Randolph Street to Leonard H. Roach, please pay to the order of myself the sum of Seven Hundred Dollars ($700.00).                    F. B. REED.

"Accepted as payable when lease is delivered otherwise this acceptance is null and void.

ANNA R. WARD."

And that on October 1, 1926, Anna R. Ward joined in a mortgage with the other Wards in which it was stated that the mortgage was "subordinate to a certain ninety-nine year lease between the undersigned and Leonard H. Roach, dated or to be dated on or about the 1st day of October, A. D. 1926."

Other evidence was introduced tending to show that there was a mutual mistake in the written document of September 22, 1926, wherein the property was described as being located at the southwest corner of Randolph and Des Plaines streets when it should have described the property as being located at the southeast corner of said streets.

Section 2 of chapter 59, Cahill's Statutes, provides that no action shall be brought upon any contract for the sale of lands or any interest therein for a term longer than one year, unless the contract or some memorandum or note thereof shall be in writing and signed by the party to be charged.

It is undisputed that Anna R. Ward never signed her name to the document of September 22, 1926, which complainant seeks to have specifically enforced. But complainant contends that when Anna R. Ward, at the office of the Title and Trust Company, signed her mother's name, by herself, to the document she stated to those there present that she had signed the document and that thereby she adopted her mother's name as that of her own. In support of this numerous authorities are cited to the effect that a person may adopt any name, style or signature he or she chooses; but we think none of these cases is in point. There was no fictitious name or corporate name or trade name or

partnership name used by Anna R. Ward, such as was the fact in the cases cited. The evidence simply shows that Anna R. Ward signed the document "Margaret E. Ward, per Anna R. Ward," Margaret E. Ward being Anna R. Ward's mother. The document not having been signed by Anna R. Ward it is unenforceable under the statute above referred to. Nor do we think that it is rendered enforceable by the fact that Anna R. Ward subsequently signed the order to pay the commission and the trust deed or mortgage above mentioned. We think neither of these nor both of them is such a note or memorandum as required by section 2 of the statute above mentioned.

Moreover, the three documents taken together are entirely too uncertain and indefinite to warrant a court of chancery to decree specific performance. The document of September 22, 1926, does not indicate in any way that Anna R. Ward was a party to it. It provided that the lessee was to give an acceptable bond or deposit securities in the sum of $10,000 till such time as he erects a new building on the property. It will be noted that there is no provision defining the terms or conditions of the bond or deposit nor is there anything stated as to how the bond or security may be enforced. There is no time fixed for the giving of the bond or the making of the deposit of the securities or the erection of the building nor is there sufficient in the document of September 22 to show what was required to be included in the 99-year lease thereafter to be executed.

From a consideration of the entire record we think it clear that no court of chancery could properly enter a decree for the specific performance of the contract, and in these circumstances the decree of the superior court of Cook county is affirmed.

*Affirmed.*

McSURELY and MATCHETT, JJ., concur.